CINCINNATI & HAMMOND SPRING COMPANY *v.*
BROWN, BY NEXT FRIEND.

[No. 4,653.    Filed December 11, 1903.]

NEGLIGENCE.— *Contributory Negligence.— Dangerous Premises. — Injury
of Child at Play.*—In an action against a manufacturing company
for injuries sustained by a twelve year old child, it appeared that
defendant's plant and grounds were located in a populous part of
a city; that the grounds were covered with a thick growth of
trees and bushes, and a barbed-wire fence, out of repair, and
broken in many places, leaving large spaces through which access
might be had to the grounds, ran among the trees along the ave-
nue adjoining the grounds.    The children of the neighborhood
were accustomed to play in the grove on both sides of the fence,
and, on the day of the injury, plaintiff and a number of her play-
mates were playing in the grove, and having no knowledge of the
existence of the fence plaintiff ran into same and was severely in-
jured.    *Held,* that both the question as to the negligence of the
defendant and the question whether plaintiff proximately con-
tributed to the injury by her own fault were questions of fact for
the determination of the jury.

From Lake Circuit Court;    *W. C. McMahan,* Judge.

Action by Beatrice Brown, by next friend, against the
Cincinnati & Hammond Spring Company.    From a judg
ment for plaintiff, defendant appeals.    *Affirmed.*

*J. K. Stinson* and *J. M. Stinson,* for appellant.
*A. F. Knotts* and *F. M. Conroy,* for appellee.

BLACK J.—The appellee, suing by her next friend,
sought and recovered a judgment against the appellant for
a personal injury suffered by her through its alleged negli-
gence.    The appellant's manufacturing establishment was
located on a large parcel of ground which was immediately
north of Michigan avenue and immediately east of
Oakley avenue, in the city of Hammond.    There was
no sidewalk along the eastern side of Oakley avenue, and
the eastern portion of that street and the adjoining western
portion of the grounds of the appellant were covered with a

Cincinnati, etc., Spring Co. *v.* Brown.

thick growth of trees and bushes. A barbed-wire fence on the line dividing the company's grounds from Oakley avenue ran among the trees, and outside of it was a pathway, winding among the trees, on Oakley avenue. The fence had been constructed some years before the appellee's injury. It had never been repaired, and was broken down in many places, leaving large spaces through which access might be had to the appellant's grove. In some places there were still a number of wires, in others but few wires, in some places one wire, and in others none. In the condition in which this fence was thus suffered to be it served no useful purpose whatever as a fence. The factory was in one of the most thickly populated portions of the city, a place of about 18,000 inhabitants, and there were a great many children living in the neighborhood who were accustomed to play at their childish sports in the grove on both sides of the fence. The appellant, through its servants, knew of the dilapidated condition of the fence and knew that the children of the neighborhood were accustomed to play as above mentioned. The appellee was a girl about twelve years old, who lived on Michigan avenue a short distance west of Oakley avenue. She was playing at "hide and seek" with a number of her playmates of like age, or younger, on Oakley avenue. With some other children she had hidden in a sand hole there, in the twilight between sundown and dark. In the course of the play, and as a part of it, she and the other children ran out of the sand hole in different directions. She ran toward the fence, of whose existence she did not know, having been accustomed to play at another place. She ran against the barbed wire, and was severely and permanently injured. The foregoing facts were in substance alleged in the complaint, and proved on the trial.

It is true, as contended by the appellant, that a complaint for personal injury through negligence must show a legal duty or obligation of the defendant toward the person injured, existing at the time and place of the injury and aris-

ing out of some relation existing then and there between them, which the defendant failed to perform or fulfil, and that the injury was occasioned by such failure. *Thiele* v. *McManus,* 3 Ind. App. 132, and cases there cited. It is also a general rule of law that the owner or occupant of premises is not under any legal duty to keep them free or safe from the danger of obstructions for persons who go upon, into, or through the premises, not by his invitation, express or implied, but for their own pleasure or convenience, though by his acquiescence or permission, and who, therefore, are mere licensees, enjoying the license subject to the attendant risks. *Id.*

In seeking the solution of such a case as the one at bar, it is proper to keep in view the rule of law that one should so use his own as not to injure another. The gratification of the natural disposition of healthy children to engage in innocent sports, such as that in which the appellee was engaged when injured, can not be regarded as a fault; and one who maintains a place thus inviting to such persons of immature minds, and has knowledge that they are accustomed to resort to his exposed grove so situated, and the immediately adjoining grove, for the indulgence of their natural inclination to engage in sports to which such a place is peculiarly adapted, can not be said to have no duty, with reference to his property, concerning the personal safety of the children so engaged.

As was said in *Bransom's Adm.* v. *Labrot,* 81 Ky. 638, 50 Am. Rep. 193: "As a general rule, the owner of land may retain to himself the sole and exclusive use and occupation of it; but as property in lands depends upon municipal law for its recognition and protection, the individual use and enjoyment of it are subject to conditions and restraints imposed for the public good, and from a reasonable and humane regard for the welfare and rights of others. Hence, according to the maxim *sic utere tuo ut alienum non lædas,* a party may be made liable for the negligent use of

his property, whereby the person or property of another has been injured. It is held that a party is guilty of negligence in leaving anything in a place when he knows it to be extremely probable that some other person will unjustifiably set it in motion to the injury of a third person. 1 Addison, Torts, 511. And said a learned judge: 'It appears to us that a man who leaves in a public place, along which persons, and among them children, have to pass, a dangerous machine, which may be fatal to anyone who touches it, without any precaution against mischief, is not only guilty of negligence, but of negligence of a very reprehensible character, and not the less so because the imprudent and unauthorized act of another may be necessary to realize the mischief to which the unlawful act or negligence of the defendant has given occasion.' 39 B. Din. 339." See, also, Kansas Cent. R. Co. v. Filzsimmons, 22 Kans. 686, 31 Am. Rep. 203; Binford v. Johnston, 82 Ind. 426, 42 Am. Rep. 508.

The liability of the owner of the premises in such case must depend upon the nature of his act or omission, and the question as to the probability that such act or omission would occasion the injury which ensued. If, under the circumstances, the probability of such injury was strong enough to make it the duty of the owner of the premises and maintainer of the obstruction which caused the injury, having reasonable regard for the safety of other persons, to remove the cause of the injury, the owner could not be regarded as free from actionable negligence. In determining what was the duty of the owner, his knowledge of the use of the locality as a play ground by the children of the neighborhood, and the fact that the remnants of the wire fence served no purpose of use or ornament, but by reason of the shap barbs upon the wire were dangerous to anyone coming in contact therewith, forcibly and without knowledge of their presence, were facts to be considered by the triors for the purpose of arriving at a conclusion as to the

reasonableness or prudence of making such a use of the premises. In *Penso* v. *McCormick*, 125 Ind. 116, 9 L. R. A. 313, 21 Am. St. 211, it was said to be a well-recognized doctrine that persons are required to use greater care in dealing with children of tender years than with older persons who have reached the age of discretion, and that greater care is required to avoid injury to them, even when they are trespassers.

In the case before us the appellee was not upon the premises of the appellant when injured, though but for the barbed wire with which she came in contact she would have entered the part of the grove which constituted a portion of the factory grounds. The appellant suffered its fence to go to ruin, and thus maintained on the border of its grounds, stretched between posts, a wire barbed so as to be highly dangerous to the children playing in its vicinity. We can not but conclude that it was proper to leave to the determination of the jury from all the facts of the case both the question as to the negligence of the appellant, and the question whether the appellee proximately contributed to the injury by her own fault.

Judgment affirmed.