## NOTICE AS TO A DANGEROUS CONDITION.

[Circuit Court of Cuyahoga County.]

GREELEY BROS. CO. v. STANISLAS ZEITHAML.

Decided, December 24, 1903.

*Negligence—In Creating a Dangerous Condition—Smouldering Fire in a Heap of Refuse—Child Burned While Playing on the Heap— Smoke from the Heap Seen by a Teamster—Not Knowledge of His Employer of a Dangerous Condition.*

Debris and filth from city streets was collected by wagons belonging to G and deposited on an uninclosed lot. Fire had smouldered in this heap for some days, and had partially undermined it. A child climbed upon it and fell through into the fire.

*Held:* That the fact that teamsters employed by G may have seen the smoke issuing from the heap did not amount to notice to G of a dangerous condition, and such condition not being one which could have been reasonably anticipated, and there being no proof that G was aware of fire in the rubbish, no liability atached for the injury to the child.

MARVIN, J.; HALE, J., and WINCH, J., concur.

Error to the court of common pleas.

Suit was brought in the court of common pleas by the defendant in error through a next friend. The plaintiff below, Stanislas Zeithaml, was about seven years old when the injuries complained of in his petition were received. The parties will be spoken of in this opinion as they were in the original action.

In the summer of 1900 the defendant, a corporation, was engaged with teams and proper appliances in removing filth and debris from certain streets of the city of Cleveland, and, by some arrangement with the owner, was depositing the material collected from the streets upon a vacant lot at the southeast corner of Cedar and East Madison avenues. This field contained several acres, was unenclosed, and was bounded on two sides by the public streets already named. Across this field from the northeast to the southwest corner was a well-beaten footpath over which, for several years, pedestrians had been accustomed to pass without any let or hindrance, in very considerable num-

bers, and the field was a common playground for the children in the vicinity, and had been so for a series of years. This fact was so universal that it must have been known to the owner and to the officers of the defendant.

Prior to the time of the injuries complained of the defendant had deposited of this refuse material taken from the streets a large amount, making a heap of considerable height and dimension. This was immediately adjoining the pathway already referred to. For several days, probably not less than five and perhaps as much as a week before the accident complained of, this pile had been on fire. It was a smouldering fire, and seems to have been altogether covered up by the stuff of which the pile was constituted, deposits being made to the amount of at least two wagon loads daily. This smouldering fire sometimes sent forth smoke in considerable quantities so that it was noticed in the neighborhood, but, as already said, the fire itself was not visible, and smoke was emitted so as to be noticeable only a part of the time. Some of the time there was no appearance whatever of smoke.

On July 6, 1900, the plaintiff and other children, his companions, were playing on this lot, and while engaged in play went upon the top of this heap, the surface of which had been so undermined by the fire that it broke through and let the plaintiff into the smouldering fire, whereby he was burned and injured. The suit was brought to recover damages for such injuries, and resulted in a verdict for the plaintiff. A motion was made to set aside the verdict and grant a new trial, which was overruled, and judgment was entered upon the verdict.

Complaint is made by the defendant that there was error in the charge of the court, to its prejudice. The charge has been examined with care, and we think was as favorable as the defendant was entitled to.

Complaint is further made that the court erred in overruling the motion for a new trial, upon the ground that the verdict was not sustained by sufficient evidence. It is urged that there is no evidence to show that the defendant set the rubbish on fire, or that it had any knowledge that there was any fire in that heap; that it had no reason to anticipate a fire, and, there-

fore, can not be held responsible for the injuries received from such fire.

On the other hand it is urged that whether the defendant set the fire or not, the fact that smoke was emitted from the heap during a part of the time, and that the teamsters in charge of the wagons of the defendant deposited rubbish at least twice a day upon the heap was sufficient to charge the defendant with constructive notice of the condition of this pile of rubbish. Attention is called to authorities to the effect that one being responsible for a dangerous condition is chargeable with the consequences of such condition, and it is urged that the cases apply to the case now under consideration.

One of the cases noted is that of *Penso* v. *McCormick*, 125 Ind., 116 (25 N. E. Rep., 156, 157). The syllabus of that case reads:

"Where the proprietors of a sawmill situated in the public part of a town, near to a public highway, had by their knowledge and acquiescence given license to children of tender years to use their uninclosed lot surrounding the mill as a playground, and without any warning to them or others, constructed a pitfall in the ground where such children were accustomed to play, which they filled with burning embers and which gave forth no signs of its condition, or the danger in stepping upon its covering, and while in this condition a child of tender years entered upon it, as he was accustomed to do, without any knowledge of its changed condition, and was severely burned and injured, they were liable under such circumstances to respond in damages. Greater care must be exercised in dealing with children of tender years than with older persons who have reached the age of discretion."

The fact in this case, as stated by the court in the opinion, is, that the mill yard was a place where children were accustomed to play. That fact was well known to the mill owners and acquiesced in by them for a long period, and that "without any notice or warning, the appellees (mill owners), on the day of the injury, had excavated a hole or pit in one side of the heap or mound, and refilled it with hot and burning coals, embers and cinders, the top of which immediately cooled, and gave no signs of any change in the condition of the mound, or any warning

of danger to those who had been accustomed to pass over or play upon the mound.'' The court in *this* case quoted with approval from the case of *Young* v. *Harvey*, 16 Ind., 314, 315, this language, speaking of the right of one to recover for injuries sustained by a pitfall left unguarded in an open hole which the public were, by acquiescence on the part of the owner, permitted to use it as a common:

''Whether it can be, or not, depends upon the degree of probability there was that such accident might happen from thus leaving exposed the partially dug well, considered, perhaps, in connection with the usefulness of the act or thing causing the danger. If the probability was so strong as to make it the duty of the owner of the lot, as a member of the community, to guard that community from the danger to which the pit exposed its members, in person and property, he is liable to an action for loss occurring through his neglect to perform that duty.''

In *Harriman* v. *Railway Co.*, 45 Ohio St., 11, this language is used in the syllabus:

''Where a railroad company has for a long time permitted the public, including children, to travel and pass habitually over its road at a given point, without objection or hindrance, it should, in the operation of its trains and management of its road, so long as it acquiesces in such use, be held to anticipate the continuance thereof, and is bound to exercise care, having due regard to such probable use, and proportioned to the probable danger to persons so using its road.''

In this case suit was brought for injuries to a boy about ten years of age who was upon the right of way of the defendant at a place where the public had been so long accustomed, with the knowledge and acquiescence of the railway company, to cross said right of way that the same amounted to a license to the public. A torpedo was left upon the track carelessly and negligently, and where there was no occasion for it to be. It was, to all appearance, entirely harmless, whereas in fact it was a very dangerous thing to handle. This was picked up by a boy about the age of plaintiff and exhibited by him to the plaintiff, and they undertook to open it, which caused its explosion and the injury to the plaintiff, and it was held that such facts entitled the plaintiff to a recovery.

The case of *Findlay Brewing Co.* v. *Bellman,* 9 C. C., 277, shows this state of facts: The brewing company placed in the street at the side of the brewery building a tank sixteen feet in length, three feet ten inches high and some four feet wide, into which it was accustomed to convey by a spout the hot "mash" from its brewing tubs, from whence it was taken, when cool, by a party to whom the company had sold the same. A boy six years of age went with another boy to this tank, and they got upon the edge of the box or tank to see the "mash" run into it. This boy, six years old, slipped into the hot "mash" and was injured. It was there held that the company was liable.

None of these cases seem to us to go to the extent of sustaining the verdict in the case under consideration. In each one of the cases the dangerous condition which brought about the injuries complained of was known, or by any kind of care would have been known to the defendant.

In *Findlay Brewing Co.* v. *Bellman, supra,* the brewing company knew of the fact of hot mash being stored in this tank, and that it was at the side of the public highway; that it would be natural for children to be climbing up its sides and that they would be likely to fall into the scalding matter and be injured.

In *Harriman* v. *Railway Co., supra,* the railroad company, by its servants, placed the dangerous instrument at a point where children were accustomed to be with its acquiescence. They knew that the torpedo was highly dangerous and that there was nothing to indicate its dangerous character to an inexperienced child.

In *Penso* v. *McCormick, supra,* the defendants themselves placed the burning material in a place dangerous to children whom they knew were accustomed to play there.

In the case of *Ann Arbor Ry. Co.* v. *Kinz,* 68 Ohio St., 210, this language is used in the syllabus:

"The owner of an uninclosed tract of land within a city, which has been graded to a level, leaving a bank on one side of the premises, to which premises adults are not invited, but suffered to resort for the purpose of playing base ball, which amusement attracts to the ground and along the bank young boys to witness the games, is not liable for injury to one of such

30    CIRCUIT COURT REPORTS—NEW SERIES.

Greeley Bros. Co. v. Zeithaml.          [Vol. IV, N. S.

boys, caused by the caving or falling of the top of the embank-
ment, where its condition does not, to the knowledge of such
owner, indicate a reasonable probability of such result.''

In the opinion in this case Judge Price makes use of this lan-
guage, page 223:

''We think the better and more reasonable proposition is, that
the owner of the property owes no general duty to keep it in
condition which will insure the safety of persons who go upon
it without invitation or license; yet if he keeps upon his prem-
ises, dangerous machinery, or other things likely to attract chil-
dren, and does not guard them to prevent injuries to them, he
is liable for injuries resulting from his neglect to provide such
guards.    One of the reasons assigned for this rule by some
authorities is that the keeping on the premises a machine or other
thing which naturally entices the very young and curious, and
thus attracts their presence, may be construed as an implied
invitation to enter the premises so occupied by the dangerous
machine or other device, in which case it becomes the duty of
the owner to see that the person thus invited is not placed in
peril.
''But it is not our duty to pursue these various cases and
authorities as they meet or diverge, for we have no case here
calling for such labor.    The facts before us show no secret dan-
gers, traps, or pitfalls, and the premises were not in a dangerous
condition; nor did the owner place or maintain thereon any
object or thing to attract the young and unwary.''    See, also,
*Erickson* v. *Railway Co.*, 82 Minn., 60.

In Shearman & Redfield on Negligence, Section 705, this
language is used, and seems to us to state clearly the law as it
ought to be:

''The owner of land, where children are allowed or accus-
tomed to play, particularly if it is unfenced, must use ordinary
care to keep it in a safe condition, for they, being without judg-
ment, and likely to be drawn by childish curiosity into places
of danger, are not to be classed with trespassers, idlers and
mere licensees.    And yet merely allowing children to play upon
a vacant lot is held not to amount to an invitation which cre-
ates liability for its condition.''

In this case it can not be supposed that the defendant would
anticipate the fire which brought about the injuries to the plaint-
iff, and that being true, it can not be held liable unless it had

either actual or constructive notice that such fire was in progress. We find nothing in the evidence which can fairly be held to be such notice. No officer of the company saw, so far as it appears, any smoke arising from this heap, or was where he would be likely to see it. The teamsters working for the defendant may be said to have probably seen at some time the smoke arising from this heap, but we know of no rule of law which would make the knowledge of such employe either actual or constructive notice to his employer. We hold, therefore, that there was error on the part of the court in overruling the motion for a new trial, on the ground that the verdict was not sustained by sufficient evidence. The judgment of the court below is reversed and the case remanded to that court.

*White, Johnson, McCaslin & Cannon,* for plaintiff in error.
*Toland & Howell,* for defendant in error.