## CINCINNATI, INDIANAPOLIS & WESTERN RAILWAY COMPANY *v.* BRAVARD.

[No. 5,272. Filed February 15, 1906. Rehearing denied April 26, 1906. Transfer denied June 26, 1906.]

1. TRIAL. — *Pleading.—Proof.—Variance.—Carriers.—Railroads. —Negligent Operation of Train.*—Evidence of a defective truck, causing plaintiff's coach to be sidetracked and plaintiff to be injured, is not a variance from the complaint alleging a negligent operation of the train. p. 425.

2. TRIAL.—*General Verdict.—Effect.*—A general verdict in favor of plaintiff is a finding in his favor on all of the issues. p. 426.

3. CARRIERS. — *Railroads. — Care Toward Passengers.* — Slight negligence on the part of the carrier renders such carrier liable to a passenger injured without his own fault. p. 426.

4. SAME.—*Railroads.—Injuries to Passengers.—Burden of Proof.* —Where the passenger shows injuries caused by the carrier, such carrier, to escape liability, must show that such injuries could not have been avoided by the highest practicable care. p. 426.

5. SAME.—*Railroads.—Coach Leaving Track.—Res Ipsa Loquitur.—Burden of Proof.*—The doctrine of *res ipsa loquitur* applies to an injury, received by a passenger on a railroad and caused by the trucks of plaintiff's coach leaving the track, the burden being upon defendant to show clearly by the evidence that such cause was unavoidable. p. 426.

From Rush Circuit Court; *Douglas Morris,* Judge.

Action by Lucinda Bravard against the Cincinnati, Indianapolis & Western Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. D. Marshall* and *Smith, Cambern & Smith,* for appellant.

*Elmer Bassett* and *Hord & Adams,* for appellee.

ROBY, C. J.—Action for damages; complaint in four paragraphs; answer in general denial; trial; verdict for $3,100, with answers to interrogatories; motions for judgment on answers and for a new trial overruled; judgment on verdict.

The first question for decision is whether appellant's motion for judgment notwithstanding the general verdict was well taken. The averments of the complaint are that defendant was on May 13, 1903, a common carrier of passengers for hire; that appellee took passage in a passenger-coach, attached to one of its passenger-trains, to be transported from Indianapolis to Morristown, and paid the usual fare therefor; that said train was run at a high rate of speed past a switch leading from the main line to a parallel siding, and that the coach in which plaintiff was

riding left the main track and ran upon said switch, thereby jerking and stopping said train violently, and injuring plaintiff.

In the first paragraph of complaint it is averred that the defendant negligently and carelessly ran and operated its said train of cars so that one of the trucks of the passenger coach left the main track, etc.

The negligence averred in the second paragraph of complaint is that the defendant permitted the connections, appliances and rails connecting said switch and main track to get out of repair, to become dangerous to passenger trains running over the same, which defects the plaintiff cannot describe, thereby causing the injury, etc.

The negligence specified in the third paragraph is that the defendant failed to operate said switch, etc.; and in the fourth paragraph, that the defendant negligently ran and operated its train so that some of the trucks of some of the cars, and one of the trucks on the car in which plaintiff was riding, left the track, etc.

The general verdict finds for the plaintiff on every material allegation. It is contended that the answers to interrogatories negative each charge of negligence made. Interrogatories one, two, six, eight and nineteen are as follows: "No. 1. Was any injury the plaintiff received on a train of the defendant company on May 13, 1903, attributable to any defect in the cars owned by the defendant? A. Yes. No. 2. If you answer 'Yes' to interrogatory No. 1, state in what the defects in the cars consisted. A. It is the belief of the jury that the rear trucks of the ladies' coach were defective." "No. 6. Were not the cars and equipment of the defendant's train properly inspected just a few minutes before the accident occurred, and found to be in good condition? A. No." "No. 8. If you answer interrogatory No. 7 'No,' then state wherein any defect in the same is shown by the evidence. A. They were defective, but no conclusive evidence that shows the defect." "No. 19.

State from the evidence what was the cause of the car in which plaintiff was riding leaving the track. A. Defective trucks." It is further stated in the answers that the injury was not caused by any defect in the switch or rails, all of which were in good condition; that the train was stopped in a reasonable time after the derailment; that the employes in charge of it were competent, and no act of negligence on their part was shown; that the train was running from six to eight miles an hour, and that a switchman was at his post at the time of the accident.

The contention is that the verdict is thus expressly placed upon a ground which is not made a basis of any charge of negligence, and that the plaintiff can only recover 1. according to her allegations. The truck of the car is, in each paragraph, averred to have left the track. In the first and fourth paragraphs it is alleged that the train was negligently run and operated. Appellant's position is that proof of a defective truck will not support a charge of negligently running and operating a railroad train, and that a defect in the truck was no part of the operation of the train. The findings are that the truck was defective, and that proper inspection was not made.

Appellant cites many authorities relative to the operation of a railroad and acts necessary thereto, but they are not controlling, for the reason that the negligence averred consists in running and operating the train, being thereby specifically limited to that particular act. Negligence might, no doubt, consist in permitting a car-truck to be or remain defective, but it does not follow that the existence of such defect cannot enter into and be considered in the question of due care in the operation of the train.

If the appellant knew, or in the exercise of reasonable care, should have known of the defective condition of such truck, its subsequent conduct in running its train must be considered in the light of such defect and knowledge. The

truck might have been in such a condition as to make it highly negligent to run the train at all, or at even so moderate a rate as six or eight miles an hour. In determining whether a train is negligently or carefully operated, the character of the train and the condition of the cars and appliances thereto belonging must necessarily be taken into account. *Louisville, etc., R. Co.* v. *Jones* (1886), 108 Ind. 551, 557. The effect of the general verdict is to determine all issues in appellee's favor. The answers to interrogatories are not necessarily inconsistent with such finding, showing, as they do, that the duty of inspection was not discharged. Slight negligence is sufficient to render the carrier liable to a passenger injured without his own fault. *Cincinnati, etc., R. Co.* v. *Worthington* (1903), 30 Ind. App. 663, 96 Am. St. 355; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74. The defective truck cannot be disassociated from the operation of the train, and the verdict does not, therefore, stand upon facts outside the issues.

Motion for a new trial should have been sustained, if the appellant introduced evidence sufficient to rebut the presumption of negligence, and to show that the accident was inevitable and unavoidable, against which such human skill, prudence or foresight as should apply to careful management could not provide. *Louisville, etc., R. Co.* v. *Jones, supra.*

The accident complained of belongs to that class in which negligence is presumed from the fact of its occurrence. *Terre Haute, etc., R. Co.* v. *Sheeks, supra; Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360. The presumption sustained the verdict. It is not shown what caused the derailment of the car. No evidence has been referred to in the argument from which it can be said that the trucks were defective. Appellant introduced witnesses whose testimony tended to controvert the existence of the specific acts of negligence charged.

The reason for the derailment is not shown by appellant, while appellee avers, by one paragraph of her complaint, that its cause is unknown to her. In the absence of the presumption there could be no recovery. It is not sufficient to overcome such presumption to show that the cause is obscure. In the absence of specific proof otherwise, the circumstances were sufficient to justify the jury in finding negligence. *Toledo, etc., R. Co.* v. *Fenstermaker* (1904), 163 Ind. 534, 538. Judgment affirmed.