NOVEMBER TERM, 1913.                    85

Louisville, etc., Lighting Co. *v.* Holsclaw—55 Ind. App. 85.

# Louisville and Northern Railway and Lighting Company *v.* Holsclaw.

[No. 7,762.   Filed May 6, 1913.   Rehearing denied October 17, 1913.
Transfer denied December 9, 1913.]

1. APPEAL.—*Questions Reviewable.—Admission of Evidence.*—No
available error is presented as to the ruling on a motion to strike
out the answer to a question to which no objection was made,
and which assigned only that the answer was immaterial.   p. 86.

2. CARRIERS.—*Injuries to Passengers.—Negligence.—Instructions.*—
In a passenger's action against an electric railroad company for
personal injuries, where the first paragraph of complaint charged
negligence as to the condition of the track, and the second charged
negligence in the operation of the car, an instruction that if
plaintiff was injured without her fault while a passenger on said
car "which was derailed by reason of the manner in which it
was operated and propelled," though the "derailment might not
have occurred in the manner described in the first paragraph of
complaint, nevertheless, a presumption of negligence arises against
the defendant," to rebut which the defendant must show by a
fair preponderance of the evidence that the "derailment could
not have been avoided by the exercise of the highest degree. of
practical care and diligence," was not limited to the first para-
graph, and was a correct statement of the law.   p. 87.

3. CARRIERS.—*Injuries to Passenger.—Instructions.—Measure of
Damages.*—An instruction informing the jury that if it found for
plaintiff, who was injured while a passenger on defendant's car,
she could only recover for such damages as the evidence relating
to damages showed she was entitled to recover for the injuries
described in her complaint, not exceeding the amount therein de-
manded, which sum should fully and fairly compensate her for
the injuries, if any, she had so received, was not open to the ob-
jection that it authorized the jury in assessing the damages to
consider injuries due to a former accident for which defendant
had settled adversely.   p. 88.

4. APPEAL.—*Review.—Harmless Error.—Instructions.*—An instruc-
tion not open to the objection urged by appellant is not ground
for reversal, although it is subject to an erroneous inference
affecting the appellee.   p. 89.

5. APPEAL.—*Review.—Harmless Error.—Instructions.*—An instruc-
tion susceptible to a harmful inference is rendered harmless by
other instructions which removed the possibility of such inference.
p. 89.

86      APPELLATE COURT OF INDIANA,

Louisville, etc., Lighting Co. *v.* Holsclaw—55 Ind. App. 85.

6.  APPEAL.— *Review.*— *Harmless Error.*— *Instructions.*— Although
an instruction in a personal injury case was so drawn as to pos-
sibly leave the impression that if plaintiff had been injured in an
accident prior to the one complained of, and settlement therefor
had not been made, she could recover for such former injuries,
its giving was harmless, in view of specific instructions stating
that plaintiff could not recover for any former injuries and must
recover, if at all, for the injuries alleged in her complaint.   p. 89.

From Scott Circuit Court; *Joseph H. Shea,* Judge.

Action by Sarah Holsclaw against the Louisville and
Northern Railway and Lighting Company.   From a judg-
ment for plaintiff, the defendant appeals.   *Affirmed.*

*Frank S. Jones, Noble J. Hays, Charles D. Kelso, Geo. H.
Voigt* and *Carl E. Wood,* for appellant.

*Stotsenburg & Weathers, Mark Storen* and *Paris &
Trusty,* for appellee.

FELT, P. J.—This is an action by the appellee against the
appellant to recover damages for personal injuries alleged
to have been caused by appellant's negligence.   Trial by
jury resulted in a verdict for appellee.   From a judgment
rendered upon the verdict, this appeal was taken.   Appel-
lant has assigned as error the overruling of its motion for
a new trial.   The new trial was asked on the ground that
the court erred in the admission and exclusion of certain
evidence and in the giving of certain instructions.

Appellant's counsel concede that the questions relating to
the evidence are not properly saved except as to the seven-
teenth cause for a new trial.   This was a motion to
strike out the answer to a question to which no objec-
tion was made.   The only reason assigned in the
motion was that the answer was immaterial.   This does not
present available error.   *Cleveland, etc., R. Co.* v. *Wynant*
(1893), 134 Ind. 681, 694, 34 N. E. 569; *Pence* v. *Waugh*
(1893), 135 Ind. 143, 34 N. E. 860.

The main questions relied upon by appellant for reversal

relate to the instructions. Some question has been raised as to whether the instructions are properly in the record but giving appellant the benefit of a consideration of the instructions, the judgment of the lower court must be affirmed. It is contended by appellant that instruc-

2. tion No. 11 given at the request of appellee is erroneous in that it shifts the burden of proof from the plaintiff to the defendant. The first paragraph of the complaint contains a specific charge of negligence consisting of defects in appellant's track, which are particularly described; that appellee was a passenger on a car to which was attached a trailer, which by reason of the alleged defects in the track "and by reason of the carelessness and negligence as aforesaid", was derailed and thrown violently against the car on which appellee was a passenger, causing her alleged injuries. The second paragraph of complaint contains a general charge of negligence in the operation of the car on which appellee was a passenger in this, that it was so negligently and carelessly propelled and operated by the motorman in charge of the same as to derail and throw the rear car from the track and to cause it to become uncoupled, swing around with great momentum, and suddenly and with great force to come in contact with the rear end of the car on which appellee was a passenger and thereby cause the injuries of which she complains. The gist of instruction No. 11 is that, if appellee was injured, without her fault, while a passenger on said car which was "derailed by reason of the manner in which it was operated and propelled", though the "derailment might not have occurred in the manner described in the first paragraph of the complaint, nevertheless, a presumption of negligence arises against the defendant", and to rebut such presumption the appellant must show by a fair preponderance of the evidence that the "derailment could not have been avoided by the exercise of the highest degree of practical care and diligence." Appellant contends that this instruc-

tion is limited in its application to the first paragraph of complaint and that no such presumption of negligence would arise under the specific averments of that paragraph. The fact that the instruction speaks of the car as derailed by reason of the manner in which it was operated, shows that reference is made to the second as well as to the first paragraph of complaint. Conceding, without deciding, that under the first paragraph no presumption of negligence arises by the occurrence of an accident as alleged, we do not think the instruction contains the vice complained of, for the reason that the case was tried on both paragraphs of the complaint, and the court in this and other instructions clearly covers the law applicable to both paragraphs. This instruction states that if the preponderance of evidence shows that the car was ''derailed by reason of the manner in which it was operated'' and plaintiff was thereby injured without her fault, the presumption of negligence arose against the company, though such derailment did not occur in the manner alleged in the first paragraph of complaint. This is a correct statement of the law many times declared by this and our Supreme Court, and was clearly applicable under the charge of negligent operation made in the second paragraph.

Instruction No. 20 relates to the measure of damages. Appellant claims it authorized the jury to go outside the issues and evidence in assessing damages. After a 3. careful study of it, we are convinced that it is not open to the objections urged by appellant and that it is a fair and accurate statement of the law. It clearly informed the jury that if it found for the plaintiff, she could only recover for such damages as the evidence relating to damages showed she was entitled to recover for the injuries described in the complaint, not exceeding the amount therein demanded, which sum should fully and fairly compensate her for the injuries, if any, she had so received. Appellant was claiming that appellee's injuries

were due to a former accident for which it had settled, and appellee, while not disputing such settlement, was claiming the injuries alleged in her complaint and for which she sought a recovery, were caused solely as alleged in her complaint in this suit.

Appellant also complains of instruction No. 16, given at the request of appellee on the ground that the jury was warranted in inferring from it that appellee might 4. recover for injuries received in a former accident. We do not believe the instruction is open to such inference, but are inclined to the view that if any erroneous inference may be drawn therefrom, it is one that placed on appellee the unnecessary burden of showing that if she had been injured in a former accident, she must show that she had recovered therefrom before she was entitled to recover damages for any injury received in the accident complained of in this case.

We see no objection to instruction No. 14 given at appellee's request. If it is possible to draw from it any harmful inference as claimed by appellant, such possibility 5. was removed by the other instructions given. It is also contended that instruction No. 4 given on the court's own motion, informed the jury that if the 6. plaintiff had been injured in another accident and had made settlement for such injuries, she could not in this action recover for those injuries, thereby leaving the impression upon the jury that if she had been so injured and settlement therefor had not been made, she could in this action recover damages for former injuries. Instruction No. 4 standing alone, is not an accurate statement of the law and to some extent may be open to the objection urged. Nevertheless, we are confident the jury was not led into any erroneous view of the law by hearing it, because of the specific instructions given with reference to any former accidents or injuries, in which appellee had been involved. By instruction No. 5, given on the court's own

motion, the jury was specifically told that the plaintiff could not recover in this action for any injuries received in former accidents and must recover, if at all, for the injuries alleged in her complaint. Instruction No. 2 given at appellant's request, refers specifically to the alleged former accidents and to the character of the injuries mentioned in connection therewith and states if "you further find that the plaintiff is still suffering from these injuries then I charge you that you must not allow the plaintiff any damages in this action for injuries, if any, you find to exist, on account of said former accidents." These two instructions clearly and definitely limit the appellee to a recovery for injuries, if any, resulting alone from the accident alleged in her complaint in this suit and left no room for any possible inferences to the contrary.

A careful study of all the instructions given, leads to the conclusion that the court in the giving of instructions committed no error, harmful to appellant. Upon the whole, the law was fully and accurately stated as favorably to appellant as the facts and issues of the case warrant. The other questions mentioned in the briefs are not of a character to indicate any possible harm to appellant and therefore do not require further discussion. The law on most of the questions suggested, has already been settled in former decisions in harmony with our conclusion, that no error harmful to appellant is shown by the record or briefs. *Louisville, etc., Traction Co.* v. *Worrell* (1909), 44 Ind. App. 480, 489, 86 N. E. 78; *Cincinnati, etc., R. Co.* v. *Bravard* (1906), 38 Ind. App. 422, 76 N. E. 899; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, 71 N. E. 201; *Hamilton* v. *Love* (1899), 152 Ind. 641, 646, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384; *Evansville, etc., R. Co.* v. *Mills* (1905), 37 Ind. App. 598, 604, 77 N. E. 608; *Newcastle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 266, 79 N. E. 485; *Indiana R. Co.* v. *Maurer* (1902), 160 Ind. 25, 31,

25 N. E. 156. The judgment of the lower court is therefore affirmed.

Ibach, C. J., Adams, Lairy and Hottel, JJ., concur.

Shea, J., not participating.

NOTE.—Reported in 101 N. E. 750. As to duties and liabilities of street railway to passenger, see 118 Am. St. 461. As to presumption of negligence from happening of accident, see 113 Am. St. 986. For a discussion of the derailment of a train or car as evidence of negligence on the part of a carrier of passengers, see 12 Ann. Cas. 1045 Ann. Cas. 1913 E 552. See, also, under (1) 38 Cyc. 1375, 1406; (2) 6 Cyc. 628; (3) 13 Cyc. 237, 243; (4) 38 Cyc. 1809; (5) 38 Cyc. 1786.