## SOUTHERN RAILWAY COMPANY ET AL. *v.* JAYNES.

[No. 11,529. Filed June 28, 1923. Rehearing denied October 12, 1923. Transfer denied November 2, 1927.]

1. MASTER AND SERVANT.—*Complaint held to charge defendants with negligence of their foreman.*—In a complaint against the companies operating a railroad, based primarily on their negligence, an allegation that the defendants and their section foreman "each carelessly and negligently applied the brakes * * * suddenly without warning, and without any knowledge or notice on the part of the plaintiff of his intention so to do, so that the motor car [on which plaintiff was riding] was stopped suddenly and with a violent jerk, thereby throwing" plaintiff from the car, sufficiently averred that the negligence alleged was chargeable to the defendants. p. 455.

2. DAMAGES.—*Sufficient statement of plaintiff's damages in complaint.*—In an action for damages for fraudulently procuring a settlement of plaintiff's cause of action against a railroad company for personal injuries, the complaint sufficiently showed that plaintiff was damaged where it set out the nature and extent of his injuries and averred that, by reason of the loss of the cause of action, plaintiff was damaged in a stated sum. p. 456.

3. COMMERCE.—*Section hand returning from work on interstate railroad engaged in interstate commerce, and his action for injuries was within federal Employers' Liability Law.*—A section hand engaged in repairing the tracks of an interstate railroad was engaged in interstate commerce while returning from his work on the railroad company's motor car, which was

being operated by the section foreman in returning the section hands to their homes, and his cause of action for injuries received by the sudden stopping of the car would come within the provisions of the federal Employers' Liability Law. p. 456.

4. MASTER AND SERVANT.—*Federal Employers' Liability Act abrogates fellow-servant rule.*—The federal Employers' Liability Act (U. S. Compiled Stat. §§8657-8665) abrogates the fellow-servant rule in actions governed by its provisions. p. 456.

5. MASTER AND SERVANT.—*Employee may assume that employer has exercised proper care for his safety.*—An employee may assume that his employer has exercised proper care for his safety until notified to the contrary, unless the want of care and the resulting danger are so obvious that an ordinarily prudent person would observe the want of care and appreciate the danger. p. 456.

6. MASTER AND SERVANT.—*Section hand held not to have assumed risk in specific case.*—A section hand, riding home from his work on a railroad motor car, had a right to assume that the car would not be stopped suddenly while being operated at a dangerously high rate of speed, and, therefore, did not assume the risk of such sudden stopping. p. 456.

7. FRAUD.—*One fraudulently induced to execute release of cause of action may sue for damages for the fraud without rescinding contract.*—One fraudulently induced to execute a contract releasing another from liability for the latter's negligence may retain what he has received as a consideration for the release and sue the wrongdoer for damages from the fraud practiced upon him, although the release, if unrescinded, would preclude a recovery for the negligence. p. 457.

8. DAMAGES.—*Future suffering proper element of damages when plaintiff's permanent injury has been averred and proved.*—In an action for damages for fraudulently inducing the plaintiff to execute a release of his cause of action for personal injuries, where permanent injuries were averred and proved, future suffering was a proper element of damages, and an instruction that evidence as to the suffering which he would probably undergo in the future on account of such injuries might be considered in fixing the amount of his damages was not error. p. 457.

9. APPEAL.—*Instruction authorizing jury to consider "other facts pertinent to the question of damages," without defining what evidence would be pertinent, not prejudicial error.*—In an action for damages for fraudulently inducing plaintiff to execute a release of his cause of action for personal injuries alleged to have been permanent, an instruction that, in assessing

plaintiff's damages, the jury might take into consideration evidence showing his probable suffering in the future on account of his injuries and "such other facts pertinent to the question of damages as the evidence presented," was not prejudicial error, although the jury was not told what evidence would be pertinent, where the elements of damage to be considered were previously set out in the same instruction. ' p. 457.

10. TRIAL.—Refusal of instructions covered by instructions given is not error. p. 458.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by Tyler Jaynes against the Southern Railway Company and the Southern Railway Company of Indiana. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the first division.

*Alex B. Humphrey, E. P. Humphrey, John D. Welman, Lucius C. Embree* and *Morton C. Embree,* for appellants.

*Sanford Trippett* and *T. Morton McDonald,* for appellee.

REMY, J.—While appellee was in the employment of appellant Southern Railway Company, he sustained personal injuries through the alleged negligence of the company. He was afterwards induced by the alleged fraud of appellants to compromise his action for the injuries sustained, and this action is to recover the damages occasioned by the fraud, the damages alleged being the loss of the original action.

Trial resulted in a verdict and judgment for appellee. Errors assigned in this court are: (1) Overruling demurrer to complaint; (2) overruling motion for new trial.

It is averred in the complaint, in substance, among other things, that appellee was employed by appellant Southern Railway Company as a section hand, and with the rest of the section crew was regularly engaged in repairing the tracks used by appellant Southern Rail-

way Company in interstate commerce; that for use in transporting appellee and the other section men to and from work, the company had provided a motor car which was at all times operated and controlled by the section foreman; that on September 10, 1920, appellee "received lasting and permanent injuries by and through the negligence of the Southern Railway Company," in this, that the section men had quit work for the day, and were returning home on the motor car, when a freight train appeared on the tracks ahead of, and was coming towards, the motor car, which was at the time being negligently operated by the section foreman at a high and dangerous rate of speed, and that the foreman and the "defendants each carelessly applied the brakes to the motor car suddenly and without warning, and without any knowledge or notice on the part of plaintiff of his intention so to do, so that the motor car was stopped suddenly and with a violent jerk," throwing appellee from the car, breaking his right leg, and so injuring him that he was confined to his home for a period of three months. It is further averred that while appellee, because of his injuries, was in a weakened condition, both of body and mind, and that while he was greatly worried about the future support of his family, and was incompetent to transact business, as appellants knew, appellants, by and through their agents, falsely and fraudulently represented to him that they had consulted appellee's physician who had informed them that his injuries were temporary and that "he would be fully and completely recovered in one year"; that, if he would discharge his attorney, they could and would be able to secure for him a much better settlement than he by his attorney could get through court; that, by reason of the false representations of appellants' agents, appellee discharged his attorney, and agreed with appellants to compromise his claim for dam-

ages in consideration of $500 cash and the promise that he would receive from appellants "a lifetime job," which agreement was to be reduced to writing by appellants' agents; that, in reducing the agreement to writing, appellants' agents omitted therefrom the stipulation that appellee was to be given a lifetime job, and in lieu thereof inserted in the settlement contract a provision releasing appellants from any liability to take or retain appellee in their employment in any capacity whatever. The paper having been so prepared was signed by appellee, who did so relying upon the false representations of appellants' agents that it contained all the provisions agreed upon, including the provision that appellee was to be given employment for life. At the time appellee signed the compromise agreement, and at all times, appellee, as appellants' agents knew, was illiterate, uneducated and unable to read and was trusting appellants' agents; that by reason of the fraudulent acts of appellants, appellee lost his original cause of action against appellant Southern Railway Company, to his damage in the sum of $35,000.

It is urged that the complaint is defective in that it does not show that the section foreman operated and controlled the motor car in the discharge of any

1. duty under his employment. Aside from the general allegation that the "plaintiff received lasting and permanent injuries by and through the negligence of the defendant Southern Railway Company," it is specially averred that, while returning home at the close of the day's work, the "defendants each carelessly and negligently applied the brakes * * * suddenly without warning, and without any knowledge or notice on the part of plaintiff of his intention so to do, so that the motor car was stopped suddenly, and with a violent jerk, thereby throwing" appellee from the car. From these facts and the inferences reasonably to be

drawn therefrom, it is sufficiently averred that the negligence alleged is chargeable to the railway company.

It is further urged that the facts are not alleged in the complaint showing that appellee's cause of action is of any value—that the complaint contains no ad 2. *damnum* clause. The nature and extent of appellee's injuries are alleged in detail, and it is averred that by reason of the loss of the cause of action appellee is damaged in the sum of $35,000. That is sufficient.

Other objections to the complaint are that the facts averred show that the negligence was that of a fellow servant, that appellee assumed the risk, and that there was no disaffirmance of the release.

Since the averments of the complaint show that at the time appellee received the injuries complained of, both appellee and the Southern Railway Company 3-6. were engaged in interstate commerce, it follows that appellee's original cause of action was under, and governed by, the federal Employers' Liability Act of 1908. See *San-Pedro, etc., R. Co.* v. *Davide* (1914), 127 C. C. A. 454, a case very similar to the case at bar. The federal act abrogates the fellow-servant rule in actions governed by its provisions. *Chesapeake, etc., R. Co.* v. *De Atley* (1916), 241 U. S. 310, 6 L. Ed. 1016. It is a well-settled rule that an employee may assume that his employer has exercised proper care for the employee's safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily prudent person, under the circumstances, would observe and appreciate them. *Chesapeake, etc., R. Co.* v. *De Atley, supra.* Under the circumstances averred in the complaint, appellee had a right to assume that the car would not be operated at a dangerously high rate of speed, and while being so operated would not without warning to him be

stopped suddenly. The situation did not make the doctrine of assumed risk a defense. *Chicago, etc., R. Co.* v. *Ward* (1920), 252 U. S. 18, 64 L. Ed. 430.

If this were an action to recover damages resulting from the negligence of the railway company, then the unrescinded contract of settlement which appellee has affirmed would preclude a recovery; but this is not an action based upon the negligence.

7. It is an action for damages based upon the alleged fraud. By it appellee affirms the contract of release, and proceeds upon the principle, well supported by judicial authority, that a person so circumstanced may retain what he has received and sue whomsoever is liable for the consequences of the deceit by which the compromise was brought about, and recover whatever damages resulted therefrom. *Rochester Bridge Co.* v. *McNeill* (1919), 188 Ind. 432, 436, 122 N. E. 662; *Home Ins. Co.* v. *Howard* (1887), 111 Ind. 544, 13 N. E. 103; *Bailey* v. *London Guarantee, etc., Co.* (1918), 72 Ind. App. 84, 121 N. E. 128.

Demurrer to the complaint was properly overruled.

It is contended by appellants that instruction No. 19 is an incorrect statement of the law, in this, that it permitted the jury, in fixing the amount of appellee's damages, to take into consideration such evidence as had been produced upon the trial showing his suffering, both of body and mind, if any, which he would undergo in the future on account of his injuries, and "such other facts pertinent to the question of damages as the evidence presented." Since permanent injuries are averred in the complaint and shown by the evidence, future suffering was a proper element of the damages. The language of the instruction above quoted limits the jury to the evidence "pertinent" to the question of damages, but does not, in express terms tell the jury what evidence would be pertinent; although the elements of

damage to be considered by the jury are previously set out in this instruction covering the measure of damages. The instruction is subject to criticism, but the giving of it in its incomplete form was not prejudicial to appellants. *Broadstreet* v. *Hall* (1907), 168 Ind. 192, 80 N. E. 145, 10 L. R. A. (N. S.) 933, 120 Am. St. 356. *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 80 N. E. 415; *Pittsburgh, etc., Co.* v. *Montgomery* (1898), 152 Ind. 1, 69 L. R. A. 875, 71 Am. St. 300, 49 N. E. 482. *Louisville, etc., Lighting Co.* v. *Holsclaw* (1913), 55 Ind. App. 85, 101 N. E. 750.

We have examined the other instructions of which complaint is made; also all instructions tendered by appellant, and which were by the court refused.

10. The requested instructions which stated the law correctly were covered by others given by the court. The instructions given by the court when taken as a whole fairly state the law of the case.

The verdict is sustained by sufficient evidence.

Affirmed.