No. 10,234.

## MATLOCK v. HAWKINS ET AL.

PLEADING.—*Partial Answer.*—*Demurrer.*—Where a paragraph of answer is addressed and limited to a part only of the complaint, and to that portion constitutes a good defence, there is no error in overruling a demurrer to such partial answer.

PRACTICE.— *Evidence.*— *Admission of Record.*— *Township Trustee.*— *Want of Jurisdiction.*—Where a record of the township trustees is offered in evidence, and the trustees' want of jurisdiction of the subject-matter is apparent, there is no error in the exclusion of such record.

OBSTRUCTION OF HIGHWAY. — *Action for Damages.*—*Sufficiency of Evidence.*— To maintain a civil action for the recovery of damages, by reason of the obstruction of a public highway, the plaintiff must show by a preponderance of the evidence the existence of the public highway, its obstruction by the defendant, and that by reason of the obstruction he has sustained damages, different in kind and degree from those sustained by the public generally.

From the Wayne Circuit Court.

*I. B. Morris,* for appellant.

*T. J. Study,* for appellees.

HOWK, C. J.—In this action the appellant sued to recover damages for the alleged obstruction by the appellees of a certain public highway in Wayne county, described in the complaint. Answers and replies were filed, and the cause being at issue was tried by the court, and a finding was made for the appellees, the defendants below. Appellant's motion for a new trial having been overruled, the court adjudged that he take nothing by his suit, and that appellees recover of him their costs in this action expended.

In this court appellant has assigned as errors the following decisions of the court below:

1. In overruling his demurrer to the third paragraph of appellees' answer; and,

2. In overruling his motion for a new trial.

In the third paragraph of their answer, which was addressed "to that portion of the alleged public highway which

the plaintiff claims to exist and run over, along and upon the section line, dividing the land of the defendant Thomas Lockley from the lands of the other defendants to this action," the appellees averred that such portion of the alleged public highway was vacated by the order and judgment of the board of commissioners of Wayne county, at its September term, 1866, on a proper petition presented to and filed before such county board. Wherefore, etc.

This suit was commenced by the appellant on the 14th day of December, 1881. He did not allege in his complaint that the public highway therein described was located and established in accordance with the statute providing for the opening of public highways. But the appellant averred that "prior to the year 1866, there was a public highway, thirty feet wide, running south * * * * * on the section line dividing sections 26 and 27, * * * * * * and on the line dividing the land of Thomas Lockley from the lands belonging to the other defendants." It will be seen that, in the third paragraph of their answer, the appellees do not deny, but impliedly admit that "*prior* to the year 1866 there was a public highway," as alleged by the appellant; and they avoid the effect of this implied admission by the averment that the portion of the public highway which ran along and on the section line, dividing the land of the defendant Thomas Lockley from the lands of the other defendants, was vacated by the order and judgment of the board of commissioners of Wayne county, at its September term, 1866. Appellant's counsel claims that the third paragraph of answer was bad, on the demurrer thereto, because, he says, it is fifteen years since the alleged vacation, during which time the public, by user and work, might have acquired a public highway over the vacated portion of the old highway. It is a sufficient answer to this argument to say that the third paragraph was addressed to a single averment of the complaint, and that it is a good defence to that portion of the complaint. The court

did not err, therefore, in overruling the demurrer to the third paragraph of answer.

The first cause for a new trial assigned by the appellant, in his motion therefor, was error of the court in excluding the record of the trustees of Wayne township, in Wayne county, when offered by him as evidence for the purpose of showing that, by the order of such township trustees, the road described in his complaint was entered and recorded as a public highway, on the 3d day of August, 1857. In the highway act of June 17th, 1852, sections 27 to 38 inclusive were devoted exclusively to the opening, vacation and change of highways, affecting but one township, and jurisdiction of such highways was thereby conferred upon the trustees of the township. 1 R. S. 1852, pp. 313, 314. Section 27 required the petition of twelve freeholders of the township, before the trustees of the township would be authorized to act in the premises. It is manifest that the petition of a less number of freeholders than twelve would not confer jurisdiction of the highway on the township trustees. *Case* v. *Johnson*, 91 Ind. 477.

Sections 39 to 48 inclusive, of the same act, contained "general provisions concerning highways;" and, prior to March 5th, 1867, section 45 simply provided that "All public highways which have been or may hereafter be used as such, for twenty years or more, shall be deemed public highways."

The record of the township trustees, offered in evidence by appellant and excluded by the court, would have tended to show that on August 3d, 1857, a petition signed by the names of two persons was presented to the trustees of Wayne township for a public road, "on the ground that it has been used as a public highway for twenty years or more;" and that "thereupon the board declared the road a public highway, thirty feet wide, and directed the clerk to notify the supervisor of the same."

The court did not err in excluding this offered evidence; because, as is apparent, the trustees of Wayne township never

acquired any jurisdiction, and the statute did not confer jurisdiction on such trustees of the subject-matter of their declaratory order. On the 5th day of March, 1867, section 45, above quoted, was so amended as that thereafter the board of county commissioners were empowered to cause such of the roads as had been used for twenty years, but not recorded, to be ascertained, described and entered of record. 1 R. S. 1876, p. 534. But this power was never, at any time, conferred upon the township trustee or trustees, by any statute of this State.

The only other question discussed by the appellant's counsel in his brief of this cause is the sufficiency of the evidence to sustain the finding of the trial court. The appellant had the burden of the issues joined on his complaint. To entitle him to a recovery it devolved on him to show by a fair preponderance of the evidence, (1) that there was such a public highway as he described in his complaint; (2) that such public highway was obstructed by the appellees, as alleged; and (3) that he had sustained damages, different in degree and different in kind from those sustained by the public generally, by reason of such obstruction. *McCowan* v. *Whitesides*, 31 Ind. 235; *Bidinger* v. *Bishop*, 76 Ind. 244. Looking at the evidence bearing upon each of the three points mentioned, in the most favorable light for the appellant, it must be conceded that the evidence is, at least, conflicting. In such a case, the finding of the trial court will not be disturbed by this court on the mere weight of the evidence. *Hayden* v. *Cretcher*, 75 Ind. 108; *Cornelius* v. *Coughlin*, 86 Ind. 461; *McCloskey* v. *Indianapolis, etc., Union*, 87 Ind. 20.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed Dec. 12, 1883.