TOWN OF GENEVA *v.* MESEL, JR.

[No. 16,036. Filed June 13, 1939.]

*Arthur D. Unversaw* and *Eichhorn, Gordon & Edris,* for appellant.

*Roscoe D. Wheat* and *Arthur Sapp,* for appellee.

CURTIS, J.—This action was brought in the lower court by the appellee, William W. Mesel, Jr., against the appellant, Town of Geneva, for damages alleged to have been caused by the Town's negligent act in permitting a telephone pole stub about three or four feet high and somewhat splintered on its top to remain in an alley. The alley was located back of appellee's residence.

The issues were formed by a complaint, an answer in two paragraphs and reply in general denial to the second paragraph of answer. The cause was submitted to a jury for trial and a verdict returned in favor of the appellee (plaintiff below) for $2,000.00. Appellant (defendant below) filed its motion for a new trial which was overruled and judgment was rendered in favor of the appellee in the sum of $2,000.00 and costs. Appellant duly excepted to the overruling of the motion for a new trial and has seasonably prayed and perfected its appeal to this court.

The errors relied upon for reversal are:

"(1) Error of the court in overruling appellant's motion to require the appellee to make his complaint more specific and certain.

"(2) Error of the court in overruling appellant's demurrer to appellee's complaint.

"(3) Error of the court in overruling appellant's motion for a new trial."

The particular causes or grounds of the motion for a new trial upon which the appellant relies for reversal are: "(2) That the verdict of the jury is not sustained by sufficient evidence. (4) The court erred in refusing to give to the jury on the trial of said cause instruction number 4 requested by the defendant. (8) That the court erred in refusing to give to the jury instruction number 14 requested by the defendant. (14) That the court erred in giving to the jury on the trial of said cause on its own motion instruction number 1. (28) The court erred in overruling the defendant's motion made at the close of the evidence to instruct the jury to return a verdict in favor of the defendant. (29) The court erred in overruling the defendant's motion made at the close of all the evidence to instruct the jury to return a verdict in favor of the defendant."

The facts as disclosed by the evidence in the instant case are: that appellee in order to compete in a track meet between the high school of Geneva and the alumni went into the alley back of his residence with the idea of practicing shot putting, an event in which he was entered; that while practicing, he swung over too far, striking his face on a stump; that a splinter from this stump entered the eyeball causing a severe injury to the eyeball which necessitated its removal; that the stump had been in the alley for more than five years but that the appellee did not have any previous knowledge of its presence. This stump was not in the traveled portion of the alley and there is some dispute in the evidence as to whether or not it was actually in the alley, but for the purpose of this opinion it is assumed that it was in the alley.

Appellant complains of the court's ruling on its motion to make the complaint more specific. Under the

code of procedure of this state, a plaintiff is required to plead the facts constituting his cause of action "in plain and concise language . . . and in such manner as to enable a person of common understanding to know what is intended." Section 2-1004, Burns 1933, §110 Baldwin's Ind. St. 1934. This statute does not require, however, more than is reasonably necessary to inform the defendant fully and distinctly of what he is called upon to meet. See: *Pittsburgh, etc., R. Co.* v. *Simmons* (1907), 168 Ind. 333, 79 N. E. 911; *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35, 128 N. E. 401; *Indianapolis Power & Light Co.* v. *Waltz* (1937), 104 Ind. App. 526, 12 N. E. 404. A cause will not be reversed for overruling a motion to make more specific unless it appears that the complaining party has suffered from such ruling. We have examined the record and conclude that there was no error in overruling said motion.

The appellant next complains of the action of the court in overruling its demurrer to appellee's complaint. We have read the complaint and conclude that it is sufficient to withstand the demurrer.

In appellant's third alleged error—the overruling of its motion for a new trial, the appellant has set out six causes or grounds as heretofore set out. In view of the conclusion that we have reached we deem it unnecessary to discuss these causes separately in detail.

The question to be decided in the instant case is whether a city or town is liable for damages in the use of its streets and alleys in the manner disclosed in the instant case which the undisputed evidence shows was not in the generally accepted use for traveling.

From an examination of the many cases, text books and authorities it is generally decided that the

rights and duties of a municipal corporation respecting public alleys are substantially the same as those respecting streets. See: *Johnston* v. *Lonstorf* (1906), 128 Wis. 17, 107 N. W. 458; *J. Burton* v. *Chicago* (1908), 236 Ill. 383, 86 N. E. 93. The conflict in some decisions appears to be due to different statutes.

The general rule recognized in Indiana is that a municipal corporation is required to keep its streets and alleys in a reasonably safe condition for the uses for which they are intended and for those who travel upon them in the ordinary and accustomed modes. The word "travel" has a broad and comprehensive meaning as here used but nothing in the facts of the instant case bring it within the generally accepted meaning of the word travel or traveller. See: *Grove* v. *The City of Fort Wayne* (1874), 45 Ind. 429, 430, 431, in which it is said that "our cities organized under the general law, having plenary power over streets, and having the power of taxation sufficient for that purpose, are bound to keep the streets, including the sidewalks, *in a reasonably safe condition for travel in the ordinary modes,* and in default of doing so, are liable in damages to persons injured by the neglect." (Our italics.) See also: *The City of Frankfort* v. *Coleman* (1898), 19 Ind. App. 368, 49 N. E. 474. In the case of *City of Indianapolis* v. *Williams* (1915), 58 Ind. App. 447, 453, 108 N. E. 387. We think the rule has been well stated as follows:

"The true measure of the duty of a municipality as to its streets adduced from the authorities is that it is required to keep its streets and thoroughfares in a reasonably safe condition for travel in the ordinary manner or mode of travel, and it is not required to guard against possible danger, but only such as might reasonably be anticipated." See also *Town of*

*Spencer* v. *Mayfield* (1909), 43 Ind. App. 134, 85 N. E. 23; 13 R. C. L. §304 p. 370. No good purpose would be accomplished in reviewing the many "border line" cases and we confine our opinion to the undisputed facts of the instant case to the effect that the appellee was not in any sense using the said alley at the time of the injury in travel within the accepted meaning of that word.

As we view the case the court erred in not directing a verdict for the appellant. The judgment is reversed with instructions to sustain the motion for a new trial.

DeVoss, P. J., not participating.