CITY OF WHITING *v.* GRINDLE

[No. 17,296. Filed March 1, 1945.]

*James McCarthy, of Whiting,* and *Gavit & Richardson,* of Gary, for appellant.

*Edwin H. Friedrich, Owen W. Crumpacker* and *Stanley A. Tweedle,* of Hammond, for appellee.

ROYSE, J.—Appellee brought this action against appellant for damages sustained as a result of an injury received when a sidewalk guardrail broke. The allegations of the complaint pertinent to a decision of the questions here presented, are, in substance, as follows:

That appellee was a minor on the 10th day of September, 1935, the date of his injury; that he attained his majority on the 29th day of March, 1941; that on said 10th day of September, 1935, and for a long time prior thereto, appellant maintained a public street known as Atchison Avenue which runs in a northerly and southerly direction; that on said date and prior thereto appellant maintained a sidewalk on the east side of said street, and at said time Indianapolis Boulevard, a public highway maintained by appellant running in a northwesterly and southeasterly direction, intersected said Atchison Avenue at an angle of approximately 45 degrees.

It is further averred that a certain building known as 1862 Indianapolis Boulevard fronted on Indianapolis Boulevard, the rear of said building facing Atchison Avenue; that between the rear of said building and the sidewalk on Atchison Avenue there existed at said time and for many years prior thereto, a depression or hole approximately three feet below said sidewalk and extending along the edge of said sidewalk for approximately seven feet; that appellant had erected and for many years prior to said date had maintained a railing in the sidewalk next to said hole; that said railing con-

sisted of a horizontal pipe two inches in diameter and nine feet long supported by two vertical pipes two inches in diameter imbedded in the concrete of said sidewalk and of the approximate height of three feet; that said vertical pipes were joined with said horizontal pipe; that pedestrians often brushed against said railing or took hold of it and that by reason thereof said railing often was subjected to certain stresses and strains and that because of its presence immediately adjacent to said hole, a dangerous condition was created thereby; that the appellant knew or ought to have known of said condition but nevertheless appellant allowed said railing to be exposed to the elements for many years without repair and that during said time it was not covered with paint or other preservative and that by reason thereof said metal pipes became weak, rotten and rusted away; that appellant never replaced or repaired said rusted pipes.

It is then alleged that at about 7 P. M. on said date appellee was proceeding along and upon said sidewalk, and as he came to the place of said hole and railing he took hold of the railing and leaned some of his weight against it, not knowing of its defective condition; that by reason of said railing being weak, rotten, rusty and defective it gave way, became loose or broke off at both ends at about the points where it was connected to the vertical pipes; that appellee was thrown violently to the sidewalk and then into the hole; that he was struck on the head and face, his skull was fractured and he suffered permanent painful injuries, nervous shock, etc.

It was then alleged that appellant, as custodian of its streets and sidewalks and appurtenances thereto, knew or ought to have known of the defective and dangerous condition of said railing, but that it negligently

and carelessly failed to protect said railing with protective paint or other preservative; negligently and carelessly allowed said railing to become weak, rotten and rusty in the place where said pipe joins the upright pipe, and that it negligently and carelessly failed to replace said weak and defective railing; that said negligence and carelessness was the sole proximate cause of appellee's injuries; that as evidenced by a return receipt card made a part of the complaint, appellee, with his father as his next friend, notified appellant within sixty days of said injury of the hour and place of said injury, etc.

Appellant's answer admitted it maintained a guardrail on said walk. It then denied (1) appellee's claims of negligence; (2) his claims as to the extent of his injuries; (3) denied at the time of his injuries he was using the sidewalk as a traveler; (4) denied that statutory notice was given it within sixty days after the occurrence, and (5) denied knowledge or notice of any defect.

An affirmative paragraph of answer alleged the action was not commenced within two years after appellee's injuries.

Upon the issues thus joined, the cause was tried to a jury, verdict for $5,000 in favor of appellee. Judgment accordingly.

The assignment of error here is that the trial court erred in overruling appellant's motion for a new trial.

There are twenty-four specifications in the motion for a new trial. In view of the conclusion we have reached it is only necessary to consider one of them.

The first specification is that the verdict is not sustained by sufficient evidence. Under this specification appellant asserts its duty with respect to the condition of sidewalks and guardrails is only to travelers

and appellee was not a traveler, and there is no evidence of negligence on appellant's part.

In considering the questions raised by this specification in the motion for a new trial, under the ■ well-established rule we proceed to a consideration of the evidence most favorable to appellee.

The evidence discloses that on Atchison Avenue near the intersection of Indianapolis Boulevard the property adjacent to the east sidewalk is for a short distance depressed to a depth of 2½ or three feet; that when the sidewalks were constructed several years prior to the accident, a guardrail was constructed by imbedding iron posts in the sidewalk and then running for a distance of about eight feet a horizontal iron railing or pipe between these posts, this horizontal pipe being made fast by screwing it into a T and elbow on each of the upright posts. Appellee testified that on September 10, 1935, the date of his injury, he was fifteen years of age. He was a little over four feet in height and weighed less than one hundred pounds. On that day he had registered for high school. His father's office was in the immediate vicinity of the scene of the accident. He was familiar with the place and had, on many previous occasions, played around the hole and railing. On this date, some time between 6:00 and 7:00 P. M., he had his dog with him and went to his father's office which he found closed. Knowing that his father and mother would be back he decided to play around there. He was playing with his dog on Atchison Avenue and would pick and throw stones for the dog to chase. He threw a rock which he believed went into the hole protected by the railing. He went over to where this railing was situated and decided to get into the hole and hide from his dog. To do this he took hold of the railing with both hands

and swung a small degree to get over the edge of the sidewalk down to the hole. He said he did this to support his weight but he could not swing on the rail. When he grabbed the rail it gave way but he did not know what gave way and did not remember hitting the bottom of the hole or being brought out of it. He stated the hole was not very deep, perhaps a little more than three feet in depth. At the bottom there was sand, stone and gravel. After the pole gave way the next thing he remembered was seeing his mother as they put him on pillows in the window of his father's office. He had played around this railing and swung on it on numerous occasions before the accident. Just a week or week and a half prior to the accident he and some other boys had played and swung on this railing. He had seen other boys who were heavier than he swing on it. When he was around this location he did not see paint on the railing. It appeared rusty and scaley-like.

Two months prior to the accident, appellee's father with another man who was doing some work on the adjacent property, went under the rail and swung on it and it did not break. Prior to the accident the father never knew of anything being wrong with the rail and he never heard anyone say there was anything wrong with it. Appellant's street commissioner testified he had charge of inspections of the city streets and appurtenances in the year 1935. He said he had not made any particular inspection of this rail. He had never received any reports from policemen or others in reference to this rail prior to the accident. He had not ordered it painted as it was not the practice to paint such rails. After the accident he found some rust on the rails but could not determine much about

the rust because the threads were stripped and this had removed the rust.

It is well established in this state that the duty of municipalities as to the maintenance of streets is that they are required to keep such streets in a reasonably safe condition for persons traveling on such streets by the usual modes of travel, and they are required to guard against only such dangers as might be reasonably anticipated. *Buscher* v. *The City of Lafayette* (1893), 8 Ind. App. 590, 36 N. E. 371; *City of Vincennes* v. *Spees* (1905), 35 Ind. App. 389, 74 N. E. 277; *City of Indianapolis* v. *Williams, Guardian* (1915), 58 Ind. App. 447, 108 N. E. 387; *Town of Geneva* v. *Mesel, Jr.* (1939), 106 Ind. App. 632, 21 N. E. (2d) 458.

The guardrail involved in this action was placed there by appellant for the purpose of protecting persons who were traveling on the street. It was not intended that it be used as a trapeze. Appellee's own testimony shows clearly he was not using the guardrail for the purpose for which it was constructed. Therefore appellant did not owe appellee a duty to maintain the guardrail for the purpose for which appellee was using it at the time of the accident. *Valparaiso Lighting Company* v. *Letherman, Administrator* (1910), 46 Ind. App. 303, 92 N. E. 346; *P. Marick Harwood* v. *Inhabitants of Oakham* (1890), 152 Mass. 421, 25 N. E. 625; *Newport News & O. P. Railway & Electric Co.* v. *Clark, Administrator* (1906), 105 Va. 205, 52 S. E. 1010; *Fluckiger* v. *The City of Seattle* (1918), 103 Wash. 330, 174 P. 456; *Town of Geneva* v. *Mesel, Jr., supra.*

There was no evidence which would tend to show negligence on the part of appellant in the maintenance of this guardrail.

We are of the opinion the Porter Circuit Court erred in overruling appellant's motion for a new trial.

Judgment reversed.

NOTE.—Reported in 59 N. E. (2d) 360.