Willie Turner KURZWEG, Plaintiff-Appellant,

v.

HOTEL ST. REGIS CORP., Defendant-Appellee,

Donovan, Leisure, Newton & Irvine and Marvin Lieber, Defendants.

No. 25, Docket 27497.

United States Court of Appeals Second Circuit.

Argued Oct. 9, 1962.

Decided Nov. 5, 1962.

Arthur E. McInerney, New York City (Duer & Taylor, New York City, on the brief), for plaintiff-appellant.

Jacob L. Rothstein, Brooklyn (Abraham Richmond, Brooklyn, on the brief), for defendant-appellee.

Before CLARK, MOORE and SMITH, Circuit Judges.

SMITH, Circuit Judge.

■ Plaintiff, descending from a cab stopped in the second lane from the sidewalk in front of the Hotel St. Regis, was injured when a car nearer the curb backed up. She sued the owners of both vehicles and the hotel owner, alleging against the latter negligence of the hotel doorman.[1] The hotel owner moved to dismiss under Rule 12(b) F.R.Civ.P. for failure to state a claim on which relief could be granted. The Court, Richard H. Levet, J., granted the motion and on reargument reaffirmed his action, both without opinion. Judgment was entered dismissing as to the hotel owner, with certification under Rule 54(b) F.R.C.P. that judgment was final against plaintiff in favor of said defendant and that there was no just reason for delay in the entry of the judgment. This appeal by plaintiff followed. We find that the complaint sufficiently states a claim against the hotel owner upon which relief could be granted, and reverse and remand.

■ It is the hotel's contention that it was under no duty in New York law to furnish a doorman, and that therefore failure of the doorman to act cannot found an action against it. But New York has held liable a person under no duty to act who voluntarily undertakes to act and causes injury through his negligent act or failure to act. See Marks v. Nambil Realty Co., 245 N.Y. 256, 157 N.E. 129 (1927), Siegel v. Spear & Co., 234 N.Y. 479, 138 N.E. 414, 26 A.L.R. 1205 (1923). Moreover, even if positive misfeasance were required, the language "did negligently fail to perform its duty" is sufficiently broad to allow proof of such misfeasance. The complaint is sufficient against the motion under 12 (b) (6) "if under any reasonable reading, the complaint states a claim upon which relief can be granted." Arfons v. E. I. DuPont De Nemours & Co., 261 F.2d 434, 435 (2 Cir., 1958); Dioguardi v. Durning, 139 F.2d 774 (2 Cir., 1944); Nagler v. Admiral Corp., 248 F.2d 319 (2 Cir., 1957); 2 Moore Federal Practice 1961 ed. 2245.

Reversed and remanded.

---

1. "SIXTH: That at all times hereinafter mentioned defendant The Hotel St. Regis Corp. owned and operated an inn at Fifth Avenue and 55 Street in the City of New York and at all times hereinafter mentioned and previous thereto held out to the general public and the plaintiff that it maintained at all times a doorman to aid its guests and prospective guests in alighting from their vehicles of transportion and seeing them safely into said inn.

"TENTH: That at said time and place defendant, The Hotel St. Regis Corp., its servants and employees, did negligently fail to perform its duty in assisting and protecting plaintiff in alighting from said taxicab."