Patricia Stephens **DUE**, John Due and Gloria Smith, Appellants,

v.

**TALLAHASSEE THEATRES, INC.**, et al., Appellees.

No. 21121.

United States Court of Appeals Fifth Circuit.

June 26, 1964.

Jerome J. Bornstein, Orlando, Fla., Murray A. Gordon, New York City, Herbert L. Heiken, Edwin Marger, Miami Beach, Fla., Tobias Simon, Howard W. Dixon and Irma Robbins Feder, Miami, Fla., for appellants.

Roy T. Rhodes, City Atty., Leo L. Foster, Wilfred C. Varn, Robert M. Ervin, Seymour H. Rowland of Parker, Foster & Madigan, Tallahassee, Fla., for appellee, W. P. Joyce, Sheriff.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and BREWSTER, District Judge.

TUTTLE, Chief Judge:

This is an appeal from orders of the district court dismissing a civil rights complaint in its entirety as against the two theatre corporations and their managers, and as against city officials and the City of Tallahassee and as to the first three of five "claims" of the complaint against W. P. Joyce, Sheriff of Leon County, Florida, for failure to state a claim upon which relief can be granted, and from a summary judgment in favor of the Sheriff defendant as to "claims" four and five of the complaint.

■ The orders of the trial court dismissing the complaint for failure to allege a claim on which relief could be granted can be quickly disposed of. These orders were clearly in error. The complaint alleged joint conduct by the Theatre Corporation and their managers, the city government and the Sheriff of Leon County, amounting to a conspiracy to deny the plaintiffs and the class they represented civil rights asserted under Sections 1981, 1982, 1983 and 1985, Title 42 United States Code Annotated.

We take the following statement from the brief of appellee Joyce, which brief has been accepted in full by the other appellees:

"The substance of this conspiracy is said to be that the Appellees, under color of law, pursue and enforce a policy of requiring white persons in Tallahassee to conduct their private business establishments on a segregated basis, which object is accomplished by requiring peace officers to disperse or arrest and jail any negroes attempting to secure services on a non-segregated basis. The Appellants allege that all of the previously enumerated acts [specific allegations dealing with the refusal of the Theatres to permit Negroes to enter the theatres even after, on one occasion, purchasing tickets] were done in pursuance of the conspiracy, and that the said actions of the Appellees constitute State action prohibited by the Fourteenth Amendment."

■ We think it is clear that the allegations of the complaint, as stated by the appellees themselves in the foregoing language, clearly *allege* a claim upon which relief could be granted by the trial court. It appears, in fact, to be a classical allegation of a *civil rights* cause of action. The trial court must have been so doubtful as to the ability of the appellants to prove these allegations that it thought that there was no substance in the complaint. However, this Court has repeatedly held that if the complaint alleges facts, which, under any theory of the law, would entitle the complainant to recover, the action may not be dismissed for failure to state a claim. Arthur H. Richland Company v. Harper, 5 Cir., 302 F.2d 324.[1] There is no doubt about the fact that the allegations here stated a claim on which relief could be granted, if the facts were proved. See Lombard v. Louisiana, 373 U.S. 267, 83

---

[1] "This is another case proving that final disposition of a civil action on the basis of bare bones pleadings is a tortuous thing. How a standard so simply expressed, so often repeated, is apparently so often overlooked without even so much as a deferential mention of it is hard to understand. Although it seems now to be an affectation, we repeat it again, though citation of case names as a shorthand symbol of the principle ought to be enough.

We have phrased it and rephrased it in these terms. " ' * * * a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim * * *,' Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615," Millet v. Godchaux Sugars, Inc., 5 Cir., 1957, 241 F.2d 264, 265.

S.Ct. 1122, 10 L.Ed.2d 338, and Peterson v. City of Greenville, 373 U.S. 244, 83 S.Ct. 1119, 10 L.Ed.2d 323.

We next turn to the summary judgment entered in favor of Sheriff Joyce as to claims four and five of the complaint. In the first place we do not think these claims can be separated from the remaining claims. Each of the claims after the first adopts all of the allegations contained in claim one. Each of them alleges joint action by all defendants. The Sheriff filed his motion for summary judgment and supported his motion by affidavit, which, in effect, asserted on oath that he had not conspired with anyone with respect to any of the matters alleged in the complaint. He also asserted that such *arrests* as he had conducted or supervised had been pursuant to an order of the Chancery Judge who had granted a temporary restraining order against picketing in front of the theatres involved in the dispute, a broad order that was subsequently modified to some extent when it became apparent that the court's order clearly went beyond any permissible limits. Appellants filed no counter-affidavit. However, we must also look to anything testified to by them in the depositions taken of them by counsel for Joyce, for, of course, if a conflict of fact appears from the depositions taken in connection with the motion for summary judgment, this issue of fact could not be resolved on a motion for summary judgment.

It is plain from the depositions that none of the plaintiffs could point to any agreement or statement or specific proof to show the existence of a conspiracy by the official defendants among themselves or with the theatre defendants. Nevertheless they testified to conduct by city and Sheriff's personnel that a fact finder could readily determine to have been outside the scope of the state court's restraining order, and also to have been the result of unified or agreed upon course of action. Conduct of the kind that was not answered by the affidavit of the Sheriff included testimony that sheriff's deputies and city police officers

and others physically interfered with a peaceful march of Negro students towards the city far distant from the situs as to which the state court restraining order applied. There was also testimony of an actual entry by the public officials on church property where a meeting was being held by the student demonstrators, and which was not subject to any state court restraining order. Moreover, the conclusionary statement by the Sheriff in his affidavit that he had not participated in any conspiracy would not, of itself, be a complete answer to the allegations that he had jointly with the city officials and the theatre owners, deprived the plaintiffs of their civil rights.

We do not think it is pertinent to this appeal that the Sheriff may be immune from personal liability for civil damages for whatever conduct he participated in that was protected by the order of the state court. Neither is it significant to this appeal that the appellants may have violated some of the terms of the restraining order if, as they alleged, they were also deprived by the Sheriff and the other defendants of civil rights that were not covered by the restraining order.

The Sheriff undertakes to equate his asserted immunity from damages to an immunity from injunction where it is alleged that the Sheriff exceeds his duty to carry out the state court order, or that the state court order itself is void. No such immunity exists. Subject to certain statutory limitations, not raised here by appellees, one accepted way of testing the validity of a court order is to enjoin its enforcement. If, as alleged here, the officials, including the Sheriff, either through misunderstanding as to the scope of the order, or in excessive zeal in enforcing it, or because the order itself was void as violating the constitutional rights of the appellants, invaded appellants' constitutional rights, this could be tested out in a suit seeking to enjoin such conduct by the public officials. Not only did this complaint allege such conduct by the Sheriff, but the depo-

sitions taken by the Sheriff produced testimony to support the contentions.

Moreover, the complaint goes farther than to allege conduct by the Sheriff based on the court's restraining order. It alleges a conspiracy to deprive the plaintiffs of the right of peaceful picketing and protesting against racial practices supported by proof that would establish such conduct. The fact that the Sheriff chose to pitch his defense on the statement that his *arrests* up to the date of the affidavit had been solely in connection with the court's restraining order does not moot the allegations that the *other conduct* not connected with the arrests shown to have been participated in by the Sheriff's deputies was still a threat complained against by the pending lawsuit.

There clearly remained issues of fact to be determined on a full trial of the case dealing with the claims alleged under claims four and five. Claim four expressly said that police officers of the City of Tallahassee, "pursuant to the policies and orders *of defendants and each of them to enforce and effectuate segregation in private places of public accommodation, as hereinbefore more particularly set forth,* by the use of tear gas and brutal force" attempted to interfere with peaceful demonstrations at a place that was "many blocks away from the said movie theatres." Claim five alleged much the same thing, plainly stating that alleged violations of the appellants' rights occurred before the order of the circuit court, as well as after. The Sheriff's denial that he had participated in any arrest except pursuant to the court's order is not a denial of the allegations touching on the conduct of his deputies alleged to have taken place outside the scope of the order; moreover, conflicting evidence exists dealing with this precise matter when the depositions are referred to. Thus the order dismissing the parts of the complaint as to the Sheriff on summary judgment was in error.

There is no merit in the contention here that the trial court's order of dismissal was because of a "failure of the plaintiff" to comply with an "order of the court" under Rule 41(b) F.R.Civ. P. The appellants were *allowed* 15 days to file an amendment. They were not "ordered" to do so. The order of dismissal is fully appealable.

The judgment is reversed and the case remanded to the district court for further proceedings not inconsistent with this opinion.