Bradley PACE, a Minor, by his Mother and next friend, Carmen Pace, Plaintiff-Appellant,

v.

AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, Defendant-Appellee.

No. 14740.

United States Court of Appeals Seventh Circuit.

May 5, 1965.

Rehearing Denied June 4, 1965.

Swygert, Circuit Judge, dissented.

Sydney L. Berger, Theodore Lockyear, Evansville, Ind., for plaintiff-appellant.

Fred P. Bamberger, Evansville, Ind., for defendant-appellee, Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., of counsel.

Before DUFFY, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed this three count diversity suit for damages for loss of sight in an eight year old boy's eye, on the ground that no count of the amended complaint stated a claim upon which relief could be granted,[1] and plaintiff has appealed. We think the court erred as to count III of the amended complaint, based on negligence.

The vital issue is whether defendant's use, without authority, of a public area for storage of pipes carried with it a duty of maintaining the area reasonably safe for children passers-by so as not to create a likelihood of injury to them.

The injured boy was traveling on a sidewalk adjoining an unpaved portion of North Governor Street in Evansville, Indiana, adjacent to defendant's place of business, and stopped to play with other children around defendant's pipes stored in the area between the sidewalk and defendant's front lot line. While looking through one end of one of the pipes, the boy's eye was injured when an eleven year old playmate threw a piece of glass, from debris in the area, through the pipe.

Plaintiff conceded in this court that count II, based on an attractive nuisance theory, cannot be sustained because the injury did not occur upon defendant's property. Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of count I or count III which would entitle him to relief, the judgment must be reversed. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Due v. Tallahassee Theatres, Inc., 333 F.2d 630 (5th Cir. 1964); Sass v. District of Columbia, 114 U.S.App.D.C. 365, 316 F.2d 366 (1963); Kurzweg v. Hotel St. Regis Corp., 309 F.2d 746 (2d Cir. 1962); Leimer v. State

---

1. Defendant contends that its motion was treated as one for summary judgment and that the judgment of the district court was rendered on that basis. The judgment entry states, however, that the court "now sustains said first defenses to dismiss * * * upon the grounds that each of said counts of plaintiff's amended complaint fails to state a claim against the defendant upon which relief can be granted." We regard the judgment, therefore, as a dismissal of the complaint and not a summary judgment.

Mut. Life Assur. Co., 108 F.2d 302 (8th Cir. 1940).

■ We think the court below did not err in dismissing count I of the amended complaint. In order for a private citizen to recover under Indiana law in an action for damages against a person alleged to have maintained a public nuisance, it is necessary that he have suffered as a result of the nuisance some special injury, different in kind and degree from that suffered by the public generally. Eads v. Kumley, 67 Ind.App. 361, 119 N.E. 219 (1918).

The Indiana cases cited by plaintiff, Haag v. Board of Commissioners of Vanderburgh County, 60 Ind. 511 (1878); Weston Paper Co. v. Pope, 155 Ind. 394, 57 N.E. 719, 56 L.R.A. 899 (1900); Pere Marquette R. R. Co. v. Chadwick, 65 Ind.App. 95, 115 N.E. 678 (1917), do not support his contention that he has suffered special damage as a result of the nuisance for which he may recover, assuming for purposes of this point that the storing of the pipes as alleged was a nuisance. In each of those cases the right to a private action for special damages resulting from a public nuisance was sustained. But in each of those cases the nuisance directly caused the injury complained of. That is not true here. The nuisance here, if any, was the obstruction of a public roadway by the pipes, glass and debris. Such an obstruction would give rise to an action for damages at the instance of a traveler who suffered some injury attributable to the nuisance as such. Here, however, count I alleges that plaintiff and the other boys stopped to play around the pipes. The injury resulted from the use of the pipes in this manner; it was not suffered by plaintiff as a traveler because of the obstruction of the roadway.

■ The interest protected by the right of a private action for obstruction of a public highway is that of the right of access and unobstructed travel. Cleveland, C., C. & St. L. Ry. v. Christie, 178 Ind. 691, 100 N.E. 299 (1912); Dantzer v. Indianapolis Union R. Co., 141 Ind.

604, 39 N.E. 223, 34 L.R.A. 769 (1894); Fassion v. Landrey, 123 Ind. 136, 24 N.E. 96 (1890). In order for the plaintiff to recover he must prove "that he had sustained damages, different in degree and different in kind from those sustained by the public generally, *by reason of such obstruction.*" (Emphasis added.) Matlock v. Hawkins, 92 Ind. 225, 228 (1883). The injury must have been the natural and proximate result of the defendant's acts or failure to perform some duty— here the duty not to interfere with free access and unobstructed travel on a public way. We think that count I of the amended complaint does not allege facts which would entitle plaintiff to recover on a theory of nuisance under Indiana law.

Count III charges defendant with negligence in carelessly storing the pipes in the area in a manner "likely to attract children * * * into danger which they could not appreciate," in failing in its duty to protect them by suitably guarding against the danger, and in failing to use reasonable care by permitting broken glass to be dropped in the area and not removing the glass.

■ Defendant attempts to pose a dilemma for plaintiff by contending that since the property in question was not defendant's plaintiff cannot recover on the attractive nuisance theory, and that since it was the property of the city, the city, and not it, had the duty to maintain the area in a safe condition. This supposed dilemma is escaped, however, since even if one is not the owner, but is in possession and control of the place or instrumentality of harm, he may be held liable for negligence in the use thereof, as in Indianapolis Water Co. v. Schoenemann, 107 Ind.App. 308, 20 N.E. 2d 671 (1939), where the instrumentality involved was a water cut-off box under the control of the water company in a grass plat between a street and the sidewalk, which the plaintiff tripped over.

■■ Under Indiana law one who accepts a permit or franchise to use a public street for a private enterprise as-

sumes the legal duty to exercise care in conducting his business. Indianapolis Water Co. v. Schoenemann, 107 Ind.App. 308, 20 N.E.2d 671 (1939). We think this rule would apply also to one who occupies part of a public street at the sufferance of a municipality. Cf. House-Wives League, Inc. v. City of Indianapolis, 204 Ind. 685, 185 N.E. 511 (1933).

■ Defendant, then, was required to exercise at least the same degree of care which would have been the duty of the city under the same circumstances. This duty was defined by the Indiana Supreme Court in City of Indianapolis v. Emmelman, 108 Ind. 530, 533, 9 N.E.155 (1886).

"Whoever, therefore, does anything in, or immediately adjacent to a public street, calculated to attract children of the vicinity into danger, which they cannot appreciate, owes the duty of protecting them by suitably guarding the source of danger. * * *"

In Emmelman the plaintiff's infant son drowned when he stepped into a deep pit dug in the bed of a shallow stream near a street in a neighborhood where many small children were accustomed to play in the stream, to the knowledge of the defendant city. Other Indiana cases have reaffirmed the duty expressed in Emmelman to exercise special precautions where children are involved. In City of Elwood v. Addison, 26 Ind. App. 28, 59 N.E. 47 (1901), citing Emmelman, a seven year old boy was attracted to and drowned in an excavation near the side of a roadway which filled with water after a heavy rain. The court said there, at page 31, 59 N.E. at page 48:

"It is the duty of a municipality to keep its streets and sidewalks in a reasonably safe condition for travel, and this duty is not fully discharged by making the traveled part of the street safe. If there are dangerous places near the usually traveled part of the street, although outside of it, it is the city's duty to use ordinary care to protect from injury a person lawfully using the street in a reasonably prudent manner.[2]"

And in Penso v. McCormick, 125 Ind. 116, 25 N.E. 156, 9 L.R.A. 313 (1890), also citing Emmelman with approval, the Indiana Supreme Court reversed the trial court's sustaining of a demurrer in the case of an eight year old boy who was burned when he tried to cross over a mound of ashes on the defendant's private property near a roadway.

Defendant argues that if it had a duty of reasonable care there was no violation of the duty here because plaintiff was using the area for a purpose not within the duty, relying on Town of Geneva v. Mesel, Jr., 106 Ind.App. 632, 21 N.E.2d 458 (1939), and City of Whiting v. Grindle, 115 Ind.App. 407, 59 N.E.2d 360 (1945). In Mesel the court held that the city was not liable for the loss of an eye by a high school boy who hit his eye on a wooden stump on the untraveled portion of an alley where the boy was practicing shot-putting, since the city's duty to keep its streets safe for traveling did not encompass the activity of the plaintiff. In Grindle, a fifteen year old boy was injured when a sidewalk guard rail on which he was swinging gave way and he fell into a depression. The court there held that the city had no duty to maintain the guard rail for the purpose for which the plaintiff was using it. Those cases did not involve young children attracted to a dangerous condition near a roadway as in the case before us and as in Emmelman and the other cases cited above. Neither Mesel nor Grindle requires the dismissal of the negligence count of the amended complaint.

■ Defendant further contends that as a matter of law the action of plaintiff's eleven year old playmate in throwing the glass through the pipe was a supervening cause which broke the chain of causation and rendered plaintiff's injury not a foreseeable result of defendant's negligence, if any. A young child, under Indiana law, is not held to

2. City of Mitchell v. Stevenson, Ind.App., 201 N.E.2d 58 (1964).

the same standards of care and responsibility as an adult or a child of more mature years, and it is to be anticipated that young children will play in areas of danger. Luhman v. Hoover, 100 F.2d 127 (6th Cir. 1938) (applying Indiana law); Penso v. McCormick, 125 Ind. 116, 25 N.E. 156, 9 L.R.A. 313 (1890); City of Elwood v. Addison, 26 Ind.App. 28, 59 N.E. 47 (1901). This being the case, we cannot say as a matter of law that defendant's conduct was not the sole or concurrent cause of plaintiff's injury, because of the conduct of the other boy.

We think the following questions were for the trier of fact: whether defendant had or should have had notice of the broken glass alleged to be in the area; whether it should have anticipated that small children were likely to stray from the sidewalk and play around the pipes and glass; and whether the conduct of the other child in throwing glass through the pipe into which plaintiff was looking, rather than defendant's conduct, was the proximate cause of the injury.

We conclude that count III sufficiently charges that defendant should have foreseen the likelihood that small children passing by the pipes, on the nearby sidewalk, would be induced to play about the pipes; that in using the area for storage of the pipes it had the duty to keep the area reasonably safe for play by children or suitably to guard the area around the pipes; and that its alleged breaches of such duties are actionable at the instance of plaintiff.

The count alleges a claim upon which relief can be granted upon sufficient proof of the charges made. The district court erred in dismissing count III of the amended complaint and the judgment to that extent is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SWYGERT, Circuit Judge (dissenting).

The majority says that the vital issue in this case is whether defendant's use, without authority, of a public area for storage purposes carried with it a duty of maintaining the area reasonably safe for children passers-by so as not to create a likelihood of injury to them. In my opinion the crucial issue is whether there was a causal relation between defendant's conduct, assuming under certain circumstances it might have been negligent, and plaintiff's injury that was so direct and foreseeable as to subject defendant to liability.

The presence of the pipes is not relevant. The pipe through which the glass was thrown was nothing more than a conduit for the missile. It played no material part in the happening. If the glass had been thrown above the pipe, the accident might have occurred nonetheless. Moreover, the presence of the glass in the area, dedicated but not used for public purposes, was not the proximate cause of plaintiff's injury. The injury was brought about by an eleven-year old playmate who picked up a piece of glass and propelled it toward plaintiff. That this independent and willful activity, rather than the presence of the glass or pipe, was the proximate cause of the occurrence is demonstrated by the supposition that plaintiff's eye might have been injured by the playmate if the latter had picked up and thrown a stone instead of a piece of glass. In those circumstances, could we say that because the occurrence happened in an area which was controlled by or in possession of defendant liability followed? The presence of the broken glass and the pipes was an adventitious circumstance which had no proximate cause and effect relation with plaintiff's injury. The case should be decided upon this basis rather than upon a determination of what duty defendant owed plaintiff. Unless there was a proximate causal link between defendant's conduct and the occurrence, questions of duty and negligence do not become relevant.

Upon this rationale, I would affirm the dismissal of the complaint.